# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**3 DAUGHTERS BREWING, LLC,**
**a Florida limited liability company,**

      **Plaintiff,**

vs.    CASE NO. _____

**SAUGATUCK BREWING COMPANY,**
**INC., a Michigan corporation.**

      **Defendant.**
_____)

## COMPLAINT

Plaintiff, 3 DAUGHTERS BREWING, LLC, a Florida limited liability company, sues Defendant, SAUGATUCK BREWING COMPANY, INC., a Michigan corporation, and alleges:

## PARTIES

1. Plaintiff, 3 DAUGHTERS BREWING, LLC ("3DB"), is a limited liability company duly organized under the laws of the state of Florida. 3DB maintains its principal place of business at 222 2nd St. St., St. Petersburg, FL 33712.

2. Defendant, SAUGATUCK BREWING COMPANY ("Saugatuck Brewing") is a corporation duly organized under the laws of the state of Michigan. Saugatuck Brewing maintains its principal place of business at 2948 Blue Star Hwy., Douglas, MI 49406.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under the provisions of 15 U.S.C §§ 1121 &1125(d), 28 U.S.C. §§ 1338(a) & 1367. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 insofar as this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants are subject to the personal jurisdiction of this Court pursuant to the Florida Long Arm Statute, Fla. Stat. § 48.193 (2010).

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) & 1391(c) and in this Division pursuant to Local Rule 1.02, M.D. Fla. Local Rules.

**GENERAL ALLEGATIONS**

5. Established in 2012, 3DB is a craft brewery that brews and sells beer and cider. Among the beer brewed and sold by 3DB is its BEACH BLONDE ALE. 3DB first began brewing its BEACH BLONDE ALE in November 2012. Initially, 3DB offered its BEACH BLONDE ALE for sale at its St. Petersburg, Florida brewery's tasting room. Later, 3DB began distributing its BEACH BLONDE ALE throughout the greater Tampa Bay area and, in turn, throughout Florida. Currently, 3DB's BEACH BLONDE ALE is distributed in Florida and Georgia.

6. Since at least as early as November 2013, 3DB has prominently advertised, marketed and promoted its BEACH BLONDE ALE. Due to pervasive, continuous and exclusive use of the BEACH BLONDE ALE mark by 3DB in interstate commerce, the beer offered under the BEACH BLONDE ALE mark has come to be associated exclusively with 3DB. The BEACH BLONDE ALE mark has come to be recognized

by the relevant public as identifying the beer offered by 3DB.  As a result, the BEACH BLONDE ALE mark constitutes an asset of significant goodwill for 3DB.

7. Simultaneously with the distribution of its BEACH BLONDE ALE, 3DB developed a unique and distinctive packaging and labeling for its BEACH BLONDE ALE that incorporates the graphic depiction of the top of the head of a blonde woman, with her blonde hair flowing upward with the tops of white framed sunglasses visible. (the "Beach Blonde Trade Dress"). Examples of the Beach Blonde Trade Dress are depicted below:





8. Since the introduction of distribution of 3DB's BEACH BLONDE ALE,

3DB has continually distributed, marketed and advertised this beer using the distinctive and unique Beach Blonde Trade Dress. 3DB's marketing and advertising of the Beach Blonde Trade Dress has been extensive and pervasive with the consuming public coming to identify the Beach Blonde Trade Dress as identifying 3DB's specific BEACH BLONDE ALE.

9. Given the public's association of the Beach Blonde Trade Dress with 3DB and 3DB's BEACH BLONDE ALE, 3DB has secured and is the owner of the federally registered design mark:



U.S. Reg. No. 5,494,824.  3DB'S registered mark is on the Principal Register of the United States Patent and Trademark Office, remains and remains in full force and good standing.  A true and correct copy of the Beach Blonde Trade Dress Registration is attached at Exhibit "1."

10. Recently, Saugatuck Brewing began selling beer in Florida under the name OVAL BEACH BLONDE ALE. Oval Beach is a geographic location of a beach located on Lake Michigan in the city of Saugatuck, MI. *See e.g.*, https://www.saugatuckcity.com/index.php/parks-recreation/oval-beach.   Previously, Saugatuck Brewing's distribution of its OVAL BEACH BLONDE ALE was limited initially to Michigan and later to elsewhere in the Midwest, but Saugatuck Brewing never previously distributed its beers in the Southeast United States.

11. Prior to distributing its OVAL BEACH BLONDE ALE in Florida, Saugatuck Brewing used the following labeling and packaging for its beer:




12. However, just prior to distributing its OVAL BEACH BLONDE ALE in Florida and, upon information and belief, with knowledge of 3DB's Beach Blonde Trade Dress, Saugatuck Brewing completely revised its packaging and Labeling as shown below (the "Current Saugatuck Florida Labeling"):




13. Upon information and belief, Saugatuck Brewing did not sell its OVAL BEACH BLONDE ALE under the Current Saugatuck Florida Labeling until after 3DB was already using its BEACH BLONDE ALE mark and Beach Blonde Trade Dress.

14. Significantly, after adopting its Current Saugatuck Florida Labeling, Saugatuck Brewing redesigned the labeling of its OVAL BEACH BLONDE ALE for use in markets other than Florida (the Non-Florida Saugatuck Labeling"). The Non-Florida Saugatuck Labeling is depicted below:



## COUNT I

### Infringement of Federally Registered Trademark

15. Paragraphs 1 through 14 are incorporated and re-alleged by reference.

16. This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§ 1116-18, inclusive.

17. Defendant's use of the OVAL BEACH BLONDE ALE mark and its Current Saugatuck Florida Labeling constitutes use, without the Plaintiff/Registrant's approval, of a colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of beer in a manner likely to cause confusion or mistake,

6

or to deceive as to the source or origin of such beer.

18. Defendant's conduct has created and will create confusion among the members of the relevant consuming public and will cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

19. Plaintiff has been damaged by Defendant's infringement of its registered mark.

20. Defendant's conduct was willful, intentional and with full knowledge of 3DB's superior rights.

21. Defendant's infringing and violative conduct has caused irreparable and immediate injury to 3DB for which it has no adequate remedy at law. Further, the consumer confusion resulting from Defendant's infringement will continue in the absence of permanent injunctive relief.

## COUNT II

### False Designation of Origin
### Under § 43(a) of the Lanham Act

22. Paragraphs 1 through 14 are incorporated and re-alleged by reference.

23. This is an action for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. 3DB's marks have become uniquely associated with and identify 3DB's beer.

25. Defendant's use of the term OVAL BEACH BLONDE ALE mark along with its Current Saugatuck Florida Labeling constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

26. Defendant's conduct is likely to cause confusion or to cause mistake or to

deceive as to the affiliation, connection or association of Defendant with 3DB or as to the origin sponsorship, or approval of Defendant's OVAL BEACH BLONDE ALE by 3DB.

27. Defendant's infringing and violative conduct has caused irreparable and immediate injury to 3DB for which it has no adequate remedy at law. Further, the consumer confusion resulting from Defendant's infringement will continue in the absence of permanent injunctive relief.

28. 3DB has suffered damages as a result of Defendant's violation of 15 U.S.C. § 1125(a).

29. Defendant's conduct was willful, intentional and with full knowledge of Plaintiff's superior rights.

## COUNT III

### Common Law Trademark Infringement

30. Paragraphs 1 through 14 are incorporated and re-alleged by reference.

31. This count arises under Florida common law trademark infringement. Jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b).

32. 3DB's BEACH BLONDE ALE mark and Beach Blonde Trade Dress is subject to common law trademark protection through 3DB's extensive and pervasive use throughout Florida.

33. Defendant's conduct is likely to cause confusion, deception and mistake, and has caused, and will continue to cause, irreparable and immediate injury to 3DB for which it has no adequate remedy at law. Further, the consumer confusion resulting from Defendant's infringement will continue in the absence of permanent injunctive relief.

34. 3DB has suffered damage as a result of Defendant's acts of unfair

competition.

35. Defendant's acts of common law trademark infringement are in willful and wanton disregard of 3DB's rights.

### COUNT IV

### Common Law Unfair Competition

36. Paragraphs 1 through 14 are incorporated and re-alleged by reference.

37. This count arises under the Florida common law of unfair competition. Jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b).

38. By committing the acts herein alleged, Defendant is guilty of unfair competition, deceptive advertising and unfair trade practices, in violation of the Florida common law of unfair competition.

39. Defendant's acts of unfair competition are likely to cause confusion, deception and mistake, and have caused, and will continue to cause, irreparable and immediate injury to 3DB for which it has no adequate remedy at law.

40. 3DB has suffered damage as a result of Defendant's acts of unfair competition.

41. Defendant's acts of unfair competition are in willful and wanton disregard of 3DB's rights.

### PRAYER AS TO ALL COUNTS

WHEREFORE, Plaintiff demands:

a. That Defendant, its agents, servants, employees and attorneys, and all those persons in active concert or participation with it, be preliminarily and thereafter, permanently enjoined and restrained from:

(1) Using 3DB's Beach Blonde Trade Dress or any confusingly similar

design, including but not limited to the Current Saugatuck Florida Labeling, alone or in combination with other words as a service mark, trademark, trade name, component or otherwise, to mark it, advertise or otherwise identify Defendant's services;

(2)     Using 3DB's BEACH BLONDE ALE mark or any confusingly similar mark, alone or in combination with other words as a service mark, trademark, trade name, component or otherwise, to mark it, advertise or otherwise identify Defendant's services;

(3)     Otherwise infringing the BEACH BLONDE ALE mark and/or Beach Blonde Trade Dress;

(4)     Unfairly competing with Plaintiff in any manner whatsoever; and

(5)     Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's mark;

(6)     Any future acts of deceptive and unfair competition.

b.     That Defendant be required to recall from their distributors and customers and deliver up and destroy all devices, literature and advertising and other material bearing the infringing designation;

c.     That Plaintiff be awarded its damages and Defendant's profits, and that this award of damages and profits be trebled pursuant to 15 U.S.C. § 1117(a);

d.     That Plaintiff be awarded a reasonable attorney's fee pursuant to 15 U.S.C. § 1117;

e.     That Plaintiff has and recover its costs in this action pursuant to 15 U.S.C. § 1117 and Fed. R. Civ. P. 54(d)(1); and

g.     That Plaintiff has such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated November 13, 2018

/s/ Frank R. Jakes
Frank R. Jakes, Esquire
Florida Bar No. 372226
Email: frankj@jpfirm.com
JOHNSON POPE BOKOR
RUPPEL & BURNS, LLP
401 East Jackson Street, Suite 3100
Tampa, Florida 33602
Tel. (813) 225-2500 / Fax (813) 223-7118

and

Zachary D. Messa, Esquire
Florida Bar No. 513601
Email: zacharym@jpfirm.com
JOHNSON POPE BOKOR
RUPPEL & BURNS, LLP
911 Chestnut Street
Clearwater, Florida 33756
Tel. (727) 461-1818 / Fax (727) 462-0965

Attorneys for Plaintiffs